UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)
    Dorothy E. Knezevic v. A.W. Chesterton Company, et al.,  )
        N.D. Illinois, C.A. No. 1:12-09983                 )      1:12-9983
    Karen McVay v. Armstrong International Inc., et al.,       )
        N.D. Ohio, C.A. No. 1:13-10001                   )      MDL No. 875
    Dianne Jacobs v. Owens-Illinois Inc., et al.,                  )
        W.D. Wisconsin, C.A. No. 3:12-00899            )

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs in these three actions (*Knezevic, McVay,* and *Jacobs*) separately move to vacate the Panel's orders conditionally transferring the actions to MDL No. 875. The motions as to *Knezevic* and *Jacobs* are opposed,[1] but no defendant responded in opposition to the *McVay* plaintiff's motion.

Plaintiffs in the *Knezevic* and *Jacobs* actions are represented by the firm of Cascino Vaughan Law Offices, Ltd. (CVLO). In opposing transfer, these plaintiffs raise the same arguments that we rejected at our March 2013 hearing session – namely, that very few new CVLO actions are being transferred to the MDL, and that such transfer no longer serves the purposes of 28 U.S.C. § 1407. We disagree. As we recounted in our April 1, 2013, order transferring three other CVLO actions to the MDL (and thereby denying the motion to vacate filed by the plaintiffs therein), the transferee judge, the Honorable Eduardo C. Robreno is ably and efficiently winding down this MDL, and, indeed, we have adopted the three Suggestions he has submitted thus far recommending that we cease transferring new asbestos tag-alongs commenced in the vast majority of federal districts.[2]

---

[*]     Judge John G. Heyburn II and Judge Marjorie O. Rendell took no part in the decision of this matter.

[1]     Responding defendants are CBS Corporation and General Electric Company (as to *Knezevic*); and Owens-Illinois, Inc., and Weyerhauser Company (as to *Jacobs*), Weyerhauser Company (as to *Jacobs*).

[2]     Pursuant to our orders adopting those Suggestions, we currently are transferring to the MDL new asbestos actions commenced in just a handful of jurisdictions: the Northern District of California, the Northern District of Ohio, and districts in the Seventh Circuit (but only those Seventh Circuit actions in which CVLO represents the plaintiffs therein). *See In re: Asbestos Prods. Liab. Litig.*, 830 F. Supp. 2d 1377 (J.P.M.L. 2011); Order Adopting Second Suggestion to the Panel Concerning Future Tag-Along Transfers, at 1 n.2 (J.P.M.L. Nov. 21, 2012) (doc. no. 9090); Order Adopting Third Suggestion to the Panel Concerning Future Tag-Along Transfers (J.P.M.L. Apr. 19, 2013) (doc. no. 9310).

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 6-5-13

ATTEST: *[signature]*
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

- 2 -

*See* Transfer Order, at 2 (J.P.M.L. Apr. 1, 2013) (doc. no. 9265). In our view, the judge is in the best position to know when transfer of new actions from those few remaining jurisdictions is no longer warranted.

Plaintiff in *McVay* opposes transfer, arguing that the Northern District of Ohio court should be allowed to rule on her pending motion for remand to state court. As we have routinely held, however, the pendency of jurisdictional objections generally is not a sufficient reason to delay transfer, and plaintiff can present those objections to the transferee judge.[3] *See, e.g., In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

After considering all argument of counsel, we find that these three actions involve common questions of fact with actions previously transferred to MDL No. 875, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is appropriate for the reasons set out in our original decision directing centralization of all pending federal court actions not then in trial sharing factual questions of injury or death allegedly caused by asbestos or asbestos containing products. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). These actions are all asbestos wrongful death suits, and clearly fall within the MDL's ambit.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Pennsylvania, and, with the consent of that court, assigned to the Honorable Eduardo C. Robreno for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Paul G. Barbadoro
Charles R. Breyer                Lewis A. Kaplan

---

[3] Although the *McVay* plaintiff and the removing defendant (CBS Corporation) sought to remand the action via stipulation, the Northern District of Ohio court rejected the stipulation, suggesting that plaintiff seek the agreement of all defendants – including the more than twenty that have filed answers – to dismissal of the action without prejudice. There is no indication that plaintiff has done so, much less that any of those defendants would agree.