UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

**This document relates to:**

| | |
|---|---|
| Boyer v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-286 |
| Masephol v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-186 |
| Pecher v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-147 |
| Prust v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-143 |
| Seehafer v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-161 |
| Sydow v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-219 |
| Treutel v. Weyerhaeuser Company, et al. | CASE NO. 12-cv-899 |
| Heckel v. Weyerhaeuser Company, et al. | CASE NO. 13-cv-459 |

**DEFENDANT WEYERHAEUSER COMPANY'S MOTION FOR PROTECTIVE ORDER FROM RULE 30(b)(6) DEPOSITION NOTICE**

Plaintiffs' Rule 30(b)(6) notice to Weyerhaeuser covers nearly 40 vague and overbroad topics, many of which exceed the scope of the claims and defenses in these cases. As a threshold matter, Plaintiffs have not stated with reasonable particularity the topics to be covered at the deposition and have not limited the topics to the claims and defenses at bar. Instead, Plaintiffs suggest that Weyerhaeuser state its objections at the deposition. Such a position, however, is untenable and procedurally flawed. Weyerhaeuser cannot reasonably identify a witness (or witnesses) given the breadth of the topics, and proceeding with the deposition before the Court rules on the scope of discovery does not make sense. Further, there are critical discovery issues that must be resolved before the deposition proceeds. Plaintiffs filed a motion to compel Weyerhaeuser to respond to certain interrogatories and document requests that is pending before the Court. The Court's ruling on this motion will directly impact the scope of the proposed deposition and the documents available for same.

Accordingly, Weyerhaeuser requests that the Court quash the Rule 30(b)(6) deposition notice, limit the noticed topics, and order the parties to set a mutually agreeable date for the

1

deposition once the discovery issues have been resolved. Fed. R. Civ. P. 26(c).

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2014, Plaintiffs unilaterally noticed the 30(b)(6) deposition of Weyerhaeuser for December 15, 2014, including a list of thirty-two topics. (Ex. A.) Counsel for Weyerhaeuser objected to the scope and breadth of the topics as well as to the date and timing of the deposition. (Exs. B and C.) Plaintiffs did not respond to Weyerhaeuser's objections or amend the notice.

On March 24, 2015, Plaintiffs filed a Motion to Set a Date Certain for the 30(b)(6) deposition of Weyerhaeuser. Shortly thereafter the parties conferred and agreed to tentatively schedule the deposition for May 28, 2015, *subject to the resolution of several issues*: (1) finalization of the confidentiality agreement concerning Weyerhaeuser's production of documents that the parties had been negotiating for months; (2) narrowing of the proposed deposition topics; (3) identification of any additional topics related to the claims against co-defendant 3M;[1] and (4) availability of the witness(es). (Ex. D.) Based on the parties' agreement, Weyerhaeuser responded to Plaintiffs' motion to schedule the deposition, stating that the parties agreed to "tentatively" set the deposition for May 28, 2015, "subject to the resolution of issues surrounding the noticed topics and the production of documents." (Ex. E.) Plaintiffs' Reply stated that their motion was moot. (Ex. F.)

To date, none of the above issues have been resolved. While Plaintiffs served an amended Rule 30(b)(6) deposition notice, they did not correct the deficiencies in the original and, rather than limiting the topics, Plaintiffs included seven *new* topics, none of which relate to the 3M claims. (Ex. G.) Additionally, despite months of discussion and negotiation, Plaintiffs' counsel refused to sign a confidentiality agreement concerning Weyerhaeuser's production of additional

---

[1] Plaintiffs' new counsel represented to the Court that they are handling the claims against co-defendant 3M only and intend to depose Weyerhaeuser on those claims.

2

documents. Instead, on April 15th, Plaintiffs filed motions in *Seehafer* and *Jacobs*: (1) seeking to compel Weyerhaeuser to respond to certain interrogatories and to produce documents; and (2) objecting to the entry of the confidentiality agreement. (Ex. H.) Many of the discovery requests and requested documents at issue in the motions relate to the Rule 30(b)(6) deposition topics.[2] The motions were fully briefed on April 22, 2015, and are pending before the Court. (*See* Ex. I.)

Despite the fact that the Rule 30(b)(6) deposition is premature, Plaintiffs' counsel insist on proceeding on May 28th. Weyerhaeuser recommended that the deposition be scheduled for the end of June, to allow time for the issues discussed above to be resolved, but Plaintiffs' counsel refused. (Ex. J). Weyerhaeuser, therefore, requests the Court enter a protective order quashing the Rule 30(b)(6) deposition notice, narrowing the topics, and requiring the parties to set a mutually agreeable date after the discovery issues have been resolved.

## II. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 26(c)(1), "any person from whom discovery is sought may move for a protective order in the court where the action is pending." On such motion the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … forbidding the disclosure or discovery … [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1).

Because the topics included in the Rule 30(b)(6) deposition notice are overbroad, vague, and exceed the scope of permissible discovery, and because the tentative May 28, 2015 deposition date is premature, the Court should enter a protective order limiting the scope of the topics and setting the deposition for a reasonable time after relevant discovery issues have been resolved.

---

[2] *See, e.g.,* Ex. G at Topics 1, 12, and Ex. I at pgs. 5, 16, 20.

### A. The Rule 30(b)(6) deposition topics must be stated with reasonable particularity and limited in scope to the claims and defenses at bar.

The scope of a Rule 30(b)(6) deposition is limited by Rule 26, permitting discovery of relevant information that is not privileged. Fed. R. Civ. P. 26(b)(1); s*ee, e.g., Gossar v. Soo Line R.R. Co.,* No. 3:09-cv-9-RLY-WGH, 2009 U.S. Dist. LEXIS 100931, at *3, *12 (S.D. Ind. Oct. 27, 2009). Parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation and internal quotation omitted); *see also Sherin v. Pugh*, No. 11-cv-772-wmc, 2013 U.S. Dist. LEXIS 126644, at *9 (W.D. Wis. Sept. 5, 2013) (noting that because certain "discovery requests [were] in no way focused on the specific conduct alleged in plaintiffs' complaint, they [were] both overbroad and unlikely to lead to the discovery of admissible evidence"). A party may not expand the scope of discovery for potential additional claims. *See* Advisory Committee Note to the 2000 Amendment to Rule 26 (b)(1). Likewise, if a claim has been dismissed, further discovery relevant to that claim alone is not permitted. *Oppenheimer Fund,* 437 U.S. at 352. (noting that "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken").

Further, Rule 30(b)(6) requires that the noticed topic describe with reasonable particularity the information sought, sufficient that the defendant be put on notice of the subject matters on which the witness is expected to testify. *See Alexander v. FBI,* 186 F.R.D. 137, 140 (D.D.C. 1998) (noting that reasonable particularity may be interpreted in the context of the case at issue). If the outer limits of the areas of inquiry are not defined, compliant designation and preparation is not feasible. *See Reed v. Bennett,* 193 F.R.D. 689, 692 (D. Kan. 2000); *Prokosch v. Catalina Lighting, Inc.* 193 F.R.D. 633, 638 (D. Minn. 2000). Broad designations of "any other matters

relevant to this case" are impermissibly vague. *Alexander v. FBI,* 188 F.R.D. 111, 121 (D.D.C. 1998) (criticized on other grounds). *See also Kimberly-Clark Corp. v. Tyco Healthcare Retail Group,* No. 05-C-985, 2007 U.S. Dist. LEXIS 16380, at *8, (E.D. Wis. Feb. 23, 2007) (granting protective order regarding a topic on "the validity of the patents-in-suit" as it was not specific enough to allow the corporation to "reasonably prepare a witness to testify" as there were "numerous grounds on which patents can be found invalid"); *Murphy v. Kmart Corp.,* 255 F.R.D. 497, 506 (D.S.D. 2009) (determining that a corporation "could not reasonably designate and properly prepare a corporate representative to testify on its behalf with respect to this broad line of inquiry" when the noticed topics sought information regarding "the corporate history of four corporate entities" and the "corporate relationship between these entities").

As noted below, many of Plaintiffs' topics are not only impermissibly broad, but also request information with vague and undefined terms.  Additionally, this Court has ruled that Plaintiffs may proceed only with "nuisance claims against Weyerhaeuser limited to the alleged community exposure to asbestos that is demonstrably separate and distinct from their exposures during the course of their employment."  (Nov. 4, 2014 Order; *see also* August 22, 2014 Order.) Therefore, topics beyond the scope of Plaintiffs' nuisance claims should be stricken entirely.

1. **The history of the manufacture of fire doors as part of the business of Roddis Plywood Corporation ("Roddis").**

    **Objection:**
    Weyerhaeuser objects to this topic because it does not meet the requirements of Rule 36 – it does not describe with reasonable particularity the information sought. Rather, it relates broadly to the "history" of the manufacture of fire doors before the time that Weyerhaeuser acquired the Marshfield plant.  Further, the request is overbroad and is not limited in time or scope.  Plaintiffs' claims involve alleged exposure to asbestos in the Marshfield community, but this request is <u>not</u> limited to asbestos-containing fire doors manufactured at the Marshfield plant during the years of Plaintiffs' alleged exposure. As a result, Weyerhaeuser is not able to identify what information needs to be investigated or to adequately prepare a witness.

2. **The history of ownership of the former Weyerhaeuser plant in Marshfield, Wisconsin.**

   **Objection:**
   Weyerhaeuser objects to this topic because it does not meet the requirements of Rule 36 – it does not describe with reasonable particularity the information sought. Rather, it broadly requests information related to the "history of ownership" of the Marshfield plant and encompasses information related to any aspect of ownership of a facility that has been in operation for more than 100 years and is no longer owned by Weyerhaeuser. In addition, Weyerhaeuser objects that this topic seeks information related to entities other than Weyerhaeuser, and relates to information during the time period before Weyerhaeuser acquired and after Weyerhaeuser sold the Marshfield plant. Further, the request is overbroad and is not limited in time or scope. Plaintiffs' claims involve alleged exposure to asbestos in the Marshfield community, but this topic is <u>not</u> limited to the years of Plaintiffs' alleged exposure or to any particular facts of the "history of ownership" that may be relevant to Plaintiffs' claims. As a result, Weyerhaeuser is not able to determine what information this topic seeks, much less to adequately prepare a witness for this broad topic.

3. **Contracts [*sic*] terms for the sale of the Weyerhaeuser plant in Marshfield, Wisconsin to Wind Point Partners relating to liability for environmental matters or pollutants or investigation of such liability in connection with the sale.**

   **Objection:**
   Weyerhaeuser objects to this topic because it is overbroad, vague, ambiguous, and does not describe with reasonable particularity what information is sought. In particular, the topic is not limited to a relevant time period and does not define what type of "environmental matter" or alleged "pollutant" is at issue. Weyerhaeuser further objects that the terms of a contract between Weyerhaeuser and an entity not a party to this litigation are not relevant to any claim or defense in this litigation.

4. **Knowledge of the dangers of asbestos before 1981.**

   **Objection:**
   Weyerhaeuser objects to this topic because it does not meet the requirements of Rule 36 – it does not describe with reasonable particularity the information sought. Rather, it relates to "knowledge of the dangers of asbestos," broadly requesting information regarding the knowledge of anyone at any point before 1981. As a result, this topic not only seeks irrelevant information, but Weyerhaeuser is also not able to prepare a witness for this topic.
   As a threshold matter, this topic does not state whose knowledge is sought. Further, the request is overbroad and is not limited in time or scope. Plaintiffs' claims involve alleged exposure to asbestos in the Marshfield community, but this request is <u>not</u> limited to the years of Plaintiffs' alleged exposure or to Plaintiffs' alleged "community

exposure." As drafted, this request includes information related to Plaintiffs' alleged occupational exposure. The Court has dismissed those claims, and, therefore, to the extent this topic relates to those claims, it should be quashed.

5. **Warnings provided to residents of the Marshfield community about the dangers of asbestos.**

   **Objection:**
   Weyerhaeuser objects to this topic as it is vague, overbroad, ambiguous and does not describe with reasonable particularity what information is sought. Specifically, this topic does not define who allegedly would have made any such warning to Marshfield community, is not limited in time, and does not define "the Marshfield community."

6. **Development of substitute ingredients for asbestos in fire doors before 1980.**

   **Objection:**
   Weyerhaeuser objects to this topic as it is overbroad, vague, and does not describe with reasonable particularity what information is sought. In particular, it is not limited to the Marshfield plant. As phrased this request broadly seeks information related to any fire door made by any manufacturer prior to 1980. As a result, Weyerhaeuser cannot prepare a witness to testify to this topic.
   Further, this request is overbroad and seeks information beyond the scope of discovery. Plaintiffs contend that they were exposed to asbestos in the Marshfield community**.** The development of substitute ingredients for asbestos is irrelevant to Plaintiffs' claims and is not likely to lead to the discovery of admissible evidence. This request should be quashed in its entirety.

7. **Withdrawn by Plaintiffs.**

8. **Withdrawn by Plaintiffs.**

9. **Purchases of Kaylo for use at the Marshfield plant before 1974.**

   **Objection:**
   Weyerhaeuser objects to this topic as it is overbroad, vague, and does not describe with reasonable particularity what information is sought. In particular, it is not limited to the relevant time period, and the term "Kaylo" is subject to multiple interpretations, potentially referring to various insulation materials not relevant to Plaintiffs' claims. As a result, Weyerhaeuser cannot prepare a witness to testify to this topic as phrased.

10. **Weyerhaeuser's corporate practices concerning identification, collection, preservation, and destruction of documents about purchase, use, disposal, air sampling (inside and outside the plant), engineering controls and other protective measures, and development of substitutes.** [*sic*] **relating to asbestos fibers or asbestos containing dust and waste during operations of the Marshfield plant.**

7

**Objection:**
Weyerhaeuser objects to this topic because it is compound, vague, unintelligible, and does not describe with reasonable particularity what information is sought. In particular, as worded, it is difficult to understand what information the topic even seeks, much less to determine whether that information would be relevant. As a result, Weyerhaeuser is not able to prepare a witness to testify to this topic as phrased.

Further Plaintiffs' claims involve alleged exposure to asbestos in the Marshfield community, but this request is <u>not</u> limited to the years of Plaintiffs' alleged exposure or to Plaintiffs' alleged "community exposure." As drafted, this request seeks information related to Plaintiffs' alleged occupational exposure. The Court has dismissed those claims, and, therefore, requests related to those claims should be quashed.

11. **Identification, collection, preservation, and destruction of Joe Wendlick's or other industrial hygiene files after he retired from Weyerhaeuser in 1985, including without limitation the names of persons involved.**

    **Objection:**
    Weyerhaeuser objects to this topic because it is vague and unintelligible, and does not describe with reasonable particularity what information is sought. Specifically, Plaintiffs do not define what type of file is sought or limit the request to the time period or location at issue in Plaintiffs' claims. As a result, Weyerhaeuser is not able to prepare a witness to be able to testify to this topic as phrased.

12. **Roddis documents in the possession of Weyerhaeuser or its current or former attorneys.**

    **Objection:**
    Weyerhaeuser objects to this topic because it is overbroad, vague and unintelligible, and does not describe with reasonable particularity what information is sought. Specifically, the topic broadly requests "Roddis documents" without limitation to the content or subject of the documents, or to a relevant year or location. In addition, this topic seeks information relating to the time before Weyerhaeuser acquired the Marshfield plant. As a result, Weyerhaeuser is unable to determine what information related to the documents is sought, much less to be able to prepare a witness to testify to this topic.

    This request is so vague and broad that it should be stricken in its entirety.

13. **Structure and organization of Weyerhaeuser Company's Environmental Department since 1950.**

    **Objection:**
    Weyerhaeuser objects to this topic because it is vague, overbroad, and does not describe with reasonable particularity what information is sought. In particular this topic does not define what aspect of structure and organization of the alleged department, or what environmental aspect. Moreover, the topic is not limited to the relevant time period or location. As a result, Weyerhaeuser is unable to determine what relevant information

Plaintiff seeks or to prepare a witness accordingly.

14. **Compliance with asbestos regulations, including without limitation NESHAPs, for the Marshfield plant.**

    **Objection:**
    As a threshold matter, this topic does not meet the requirements of Rule 36 – it does not describe with reasonable particularity the information sought. Rather, it relates broadly to "compliance" with "asbestos regulations." The topic does not define what "asbestos regulations" it relates to, and, as phrased, potentially includes any federal and any state regulation. Without more, Weyerhaeuser cannot identify a witness(es) to testify to this topic. Further, the request is overbroad and is not limited in time or scope. Plaintiffs' claims involve alleged exposure to asbestos in the Marshfield community, but this request is <u>not</u> limited to the years of Plaintiffs' alleged exposure or to Plaintiffs' alleged "community exposure." As drafted, this request seeks information related to Weyerhaeuser's compliance with occupational/employer regulations. The Court has dismissed Plaintiffs' occupational claims, and, therefore, requests related to those claims should be quashed.

15. **Communications with the Wisconsin Department of Natural Resources about asbestos emissions or waste disposal from the Marshfield plant.**

    **Objection:**
    Weyerhaeuser objects to this topic because it is vague, ambiguous, overbroad, and does not describe with reasonable particularity what information is sought. Specifically, this topic encompasses information not limited to any entity, is not limited to any time period, and does not define what type of "waste disposal" is at issue or what entity would have taken any action or made any communication with the Wisconsin Department of Natural Resources. As a result, Weyerhaeuser is unable to prepare a witness to be able to offer testimony regarding this topic as phrased.

16. **Actions relating to asbestos emissions or disposal taken in response to communications with or regulations of the Wisconsin Department of Natural Resources.**

    **Objection:**
    Weyerhaeuser objects to this topic because it is vague, ambiguous, overbroad, and does not describe with reasonable particularity what information is sought. Specifically, this topic encompasses information not limited to any entity, to any time period, or to any location. Moreover, this topic does not define what type of "disposal" is at issue or what entity would have taken any action or made any communication with the Wisconsin Department of Natural Resources. As a result, Weyerhaeuser is unable to prepare a witness to be able to offer testimony regarding this topic as phrased.

17. **Actions taken in response to communications with or regulations of OSHA to**

9

    **minimize airborne release of asbestos fibers.**

    **Objection:**

    As a threshold matter, this topic does not meet the requirements of Rule 36 – it does not describe with reasonable particularity the information sought. Rather, it relates broadly to "actions" taken by an unidentified entity at an unidentified location. Without more, Weyerhaeuser cannot identify a witness(es) to testify to this topic. Further, the request is overbroad and is not limited in time or scope. Plaintiffs' claims involve alleged exposure to asbestos in the Marshfield community, but this request is <u>not</u> limited to the years of Plaintiffs' alleged exposure or to Plaintiffs' alleged "community exposure." In fact, this request seeks information related solely to Plaintiffs' alleged occupational exposure as OSHA is strictly a workplace/employer-related statute. The Court has dismissed Plaintiffs' occupational claims, and, therefore, this request should be stricken in its entirety.

18. **The report prepared by D.B. Allen, entitled "Marshfield: An Environmental History," dated August 1975, and any matters discussed therein which relate to asbestos emissions or waste disposal from Marshfiled [*sic*] plant operations.**

    **Objection:**

    Weyerhaeuser objects to this topic because it is vague, ambiguous, overbroad, and does not describe with reasonable particularity what information is sought. Specifically, this topic seeks information regarding "any matter" in the report, without limitation to any entity or to any specific issue or topic. As a result, Weyerhaeuser is unable to prepare a witness to be able to offer testimony regarding this topic as phrased.

    This request is overbroad and is not limited in time or scope. The document referenced in the request relates in large part to non-asbestos issues. Plaintiffs' claims involve alleged exposure to asbestos in the Marshfield community, and at a minimum this request should be revised to provide Weyerhaeuser sufficient notice to identify and prepare a witness for this topic.

19. **Personnel in the Environmental Department assigned to or with responsibility for Marshfield plant matters and actions involving asbestos emissions or waste disposal.**

    **Objection:**

    This request is overbroad and is not limited in time or scope. It is not limited to the years of Plaintiffs' alleged exposure. Further, "waste disposal" is not limited to asbestos containing waste.

20. **Measurements of emissions of asbestos or particulate from plant operations to areas outside the Marshfield plant.**

    **Objection:**

    Weyerhaeuser objects to this topic because it is vague, overbroad, and does not describe with reasonable particularity what information is sought. In particular this topic

10

is not limited to any relevant time period or entity that might have conducted such measurements. Moreover, there are many types of particulates. In broadly requesting information about "particulate" this request does not sufficiently define what type of information it seeks. As a result, Weyerhaeuser is unable to determine what relevant information Plaintiffs seek or to prepare a witness accordingly.

21. **Engineering controls and other practices for reduction of asbestos containing dust emissions during operations of the Marshfield plant.**

    **Objection:**
    Weyerhaeuser objects to this topic because it is vague, overbroad, not limited in time or scope and does not describe with reasonable particularity what information is sought. In particular this topic is not limited to Weyerhaeuser or to the years of Plaintiffs' alleged exposure. Moreover, the terms "engineering controls" and "other practices" are not defined. As a result, Weyerhaeuser is unable to determine what relevant information Plaintiffs seek or to prepare a witness accordingly.
    Further, Plaintiffs' claims involve alleged exposure to asbestos in the Marshfield community, but this request is <u>not</u> limited to Plaintiffs' alleged "community exposure." This request encompasses information related to Plaintiffs' alleged occupational exposure. The Court has dismissed Plaintiffs' occupational claims, and, therefore, this topic seeks information beyond the scope of permissible discovery.

22. **Complaints by community residents concerning the emission of dust or particulate from operations of the Marshfield plant.**

    **Objection:**
    Weyerhaeuser objects to this topic because it is vague, overbroad, and does not describe with reasonable particularity what information is sought. In particular this topic is not limited to any relevant time period. Moreover, there are many types of dust or particulates. In broadly requesting information about "dust" or "particulate" this request does not sufficiently define what type of information it seeks. As a result, Weyerhaeuser is unable to determine what relevant information Plaintiff seeks or to prepare a witness accordingly.

23. **Personnel in the Medical Department assigned to or with responsibility for involvement at the Marshfield plant before 1985.**

    **Objection:**
    This request seeks information related solely to Plaintiffs' alleged occupational exposure. The Court has dismissed Plaintiffs' occupational claims, and, therefore, this request should be stricken in its entirety. Further, Weyerhaeuser objects to this topic because it is vague, overbroad, and does not describe with reasonable particularity what information is sought. In particular this topic broadly requests information about personnel with some "responsibility for involvement" at the facility without defining what type of involvement is at issue. Moreover, this topic is not limited to the time

11

period relevant to Plaintiffs' claims.

24. **Weyerhaeuser's asbestos medical surveillance program.**

    **Objection:**
    Plaintiffs' claims involve alleged exposure to asbestos in the Marshfield community, but this request is <u>not</u> limited to Plaintiffs, the Marshfield facility, the years of Plaintiffs' alleged exposure, or to Plaintiffs' alleged "community exposure." In fact, this request seeks information related solely to Plaintiffs' alleged occupational exposure as the asbestos medical surveillance program was strictly an employer/employee program specified by OSHA. The Court has dismissed Plaintiffs' occupational claims, and, therefore, this request should be stricken in its entirety.

25. **Personnel in the Corporate Industrial Hygiene Department assigned to or with responsibility for involvement at the Marshfield plant before 1985.**

    **Objection:**
    Weyerhaeuser objects to this topic because it is ambiguous, overbroad, and does not describe with reasonable particularity what information is sought. In particular this topic broadly requests information about any personnel that may have had some "responsibility for involvement" at the facility without defining what type of involvement is at issue. Moreover, this topic is not limited to the time period relevant to Plaintiffs' claims.

26. **Formulas and ingredients for the materials used until 1979 in the manufacture of fire doors and panels.**

    **Objection:**
    Weyerhaeuser objects to this topic because it is vague, overbroad, and does not describe with reasonable particularity what information is sought. In particular this topic is not limited to any entity or to any location. As phrased this topic seeks information about any company at any location. In addition, the topic is not limited to seek information about asbestos-containing materials or fire doors. As a result, Weyerhaeuser is unable to determine what relevant information Plaintiffs seek or to prepare a witness accordingly.

27. **Formulas and ingredients for the materials used post-1978 in the manufacture of fire doors and panels through 1985.**

    **Objection:**
    It is undisputed that Weyerhaeuser stopped using asbestos in the manufacture of fire doors at the Marshfield facility in 1978. Accordingly, the manufacture of fire doors after 1978 is irrelevant to Plaintiffs' claims which involve allegations of asbestos exposure only. This request should be stricken in its entirety. Further, this topic is not limited to any entity or to any location. As phrased this topic seeks information about any

12

company at any location. In addition, the topic is not limited to seek information about asbestos-containing materials or fire doors.

28. **Asbestos cleanup or abatement procedures at the Marshfield plant through 1985.**

    **Objection:**
    This request seeks information related solely to Plaintiffs' alleged occupational exposure. The Court has dismissed Plaintiffs' occupational claims, and, therefore, this request should be stricken in its entirety. Weyerhaeuser further objects to this topic because it is ambiguous, overbroad, and does not describe with reasonable particularity what information is sought. In particular this topic is not limited to any entity or to the relevant time period, and broadly requests information regarding "abatement procedures" without defining what kind of procedures are at issue. As a result, Weyerhaeuser objects that this topic seeks irrelevant information.

29. **Transport and disposal of asbestos containing dust generated during operations of the Marshfield plant.**

    **Objection:**
    Weyerhaeuser objects to this topic as phrased because it is vague, overbroad, and does not describe with reasonable particularity what information is sought. In particular this topic is not limited to the relevant time period or to Weyerhaeuser, and does not define what kind of "operations" are at issue. As a result, Weyerhaeuser is unable to determine what relevant information Plaintiff seeks or to prepare a witness accordingly.

30. **Collection and disposal of asbestos containing fire doors in Utah.**

    **Objection:**
    This request is nothing more than a fishing expedition and seeks information that is entirely irrelevant to Plaintiffs' alleged exposure to asbestos in the Marshfield community. This request should be stricken in its entirety.

31. **Community, household, and occupational exposures to asbestos of the following persons:**

    a. **Rita Treutel**
    b. **Urban Pecher**
    c. **Wesley Sydow**
    d. **Milton Boyer**
    e. **Roger Seehafer**
    f. **Richard Masephol**
    g. **Frank Zickert**
    h. **Sharon Heckel**
    i. **Valmore Prust**

**Objection:**

Weyerhaeuser objects to this topic because it is vague, overbroad, and does not describe with reasonable particularity what information is sought. In particular this topic is not limited to the relevant time period or entity, and calls for an expert opinion. This request seeks information on issues that have been and will be addressed by Weyerhaeuser's experts.

Moreover, this request is overbroad. As a threshold matter, the claims of Frank Zickert have been dismissed with prejudice, and, therefore, any information related to Mr. Zickert is irrelevant. Further, Plaintiffs' claims are for nuisance and involve alleged exposure to asbestos in the Marshfield community, but this request is <u>not</u> limited to Plaintiffs' alleged "community exposure." In fact, this request seeks information related to Plaintiffs' alleged occupational exposure. The Court has dismissed Plaintiffs' occupational claims, and, therefore, this request seeks irrelevant information.

32. **Occupational exposures to asbestos during work at Weyerhaeuser or Roddis of the family members (spouse, siblings, children) living in the same household of any of the persons listed in number 31 above.**

    **Objection:**

    Weyerhaeuser objects to this topic because it is vague, unintelligible, overbroad, and does not describe with reasonable particularity what information is sought. In particular this topic is not limited to the relevant time period or location, and does not define which family members about which it seeks information, and calls for an expert opinion. This request seeks information on issues that have been and will be addressed by Weyerhaeuser's experts.

    This topic does not meet the requirements of Rule 36 – it does not describe with reasonable particularity the information sought. It does not identify the individuals for which is seeks information. Therefore, it is impossible for Weyerhaeuser to identify responsive information.

33. **Involvement of deponent's corporate legal department in receiving, collecting, storing, retaining, or destroying documents relating to asbestos at the Marshfield plant.**
34. **Involvement of deponent's corporate medical department in receiving, collecting, storing, retaining, or destroying documents relating to asbestos at the Marshfield plant.**
35. **Involvement of deponent's corporate environmental department in receiving, collecting, storing, retaining, or destroying documents relating to asbestos at the Marshfield plant.**
36. **Involvement of deponent's corporate risk management department in receiving, collecting, storing, retaining, or destroying documents relating to asbestos at the Marshfield plant.**

    **Objection:**

    Weyerhaeuser objects to these four topics because they are overbroad, vague, and potentially encompass privileged and confidential attorney work product as well as

4

attorney-client communication. Weyerhaeuser also objects that these topics are not limited to any relevant time period. As a result, Weyerhaeuser is unable to determine what relevant information Plaintiff seeks and to prepare a witness accordingly.

Further, these requests on their face seek privileged and confidential information and should be stricken in their entirety. In any event, the requested information is irrelevant to any claims or issues in these cases.

37. **Review by deponent's corporate audit committee of any of the subject matters above.**

    **Objection:**
    Weyerhaeuser objects to this topic as it is unduly burdensome, overbroad, vague, does not describe with reasonable particularity what information is sought, and potentially encompasses privileged and confidential attorney work product as well as attorney-client communication. In particular, this topic broadly requests information regarding the review of "any" of the subject matters of more than 35 topics.

    This topic does not meet the requirements of Rule 36 – it does not describe with reasonable particularity the information sought. As drafted, it is impossible for Weyerhaeuser to identify responsive information. As a result, Weyerhaeuser cannot prepare a witness to be able to testify to this overbroad topic.

38. **The decision to stop using asbestos in fire door operations at the Marshfield plant.**

    **Objection:**
    Weyerhaeuser objects to this topic as it is overbroad, vague, and does not describe with reasonable particularity what information is sought. In particular, it is not limited to any entity involved in this litigation and it is not limited to a relevant time period. Moreover, this topic does not define what aspect(s) of the "decision" it seeks. As a result, Weyerhaeuser is unable to prepare a witness to be able to testify to this topic as phrased.

39. **Identification of the persons involved, including their positions and job titles, in any of the above subject matters.**

    **Objection:**
    Weyerhaeuser objects to this topic as it is vague, unintelligible, unduly burdensome, overbroad, and does not describe with reasonable particularity what information is sought. In particular, this topic broadly requests the identification of persons involved in "any" of the subject matters of more than 38 topics. Because the topic does not define which subject matter or which topic is at issue, or even what is meant by "involvement," it is impossible for Weyerhaeuser to identify what information **Plaintiff seeks with this topic as phrased. As a result, Weyerhaeuser cannot prepare a witness to be able to testify to this overbroad topic.**

    Subject to the resolution of these issues and the limiting of the deposition topics to seek

relevant information and conform with the requirements of Rules 30(b)(6) and 26(b), Weyerhaeuser agrees to produce a 30(b)(6) witness.

### III. CONCLUSION

Plaintiffs' notice is overly broad, vague, and premature. Weyerhaeuser cannot reasonably identify a witness given the breadth of the topics, and should not be required to proceed with the deposition before the Court rules on the scope of discovery. For the foregoing reasons, the Court should enter a protective order pursuant to Fed. R. Civ. P. 26(c) quashing Plaintiffs' Rule 30(b)(6) Notice and limiting the scope of its topics to the claims and defenses at bar.

Respectfully submitted this 18th day of May, 2015.

Counsel for Weyerhaeuser Company,

/s/ Tanya D. Ellis
Joshua J. Metcalf (MS Bar No. 100340)
Tanya D. Ellis (MS Bar No. 101525)
Ruth F. Maron (MS Bar No. 104709)
FORMAN WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100 (39201)
Post Office Box 22608 (39225-2608)
Jackson, Mississippi
Phone: (601) 960-8600
Facsimile: (601) 960-8613
Email: Joshua.Metcalf@formanwatkins.com
Email: Tanya.Ellis@formanwatkins.com
Email: Ruth.Maron@formanwatkins.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 18, 2015, the foregoing was filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Tanya D. Ellis
Tanya D. Ellis
