IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

This document relates to: )
)
Dianne Jacobs, Individually, and as the Special ) Case no. 3:12-cv-00899
Administrator for the Estate of Rita Treutel, )
          Plaintiff,
Owens-Illinois, Inc., et al.,
          Defendants,

**PLAINTIFFS' MOTION AND MEMORANDUM TO COMPEL DEFENDANT WEYERHAEUSER TO PRODUCE DOCUMENTS PURSUANT TO RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE CONCERNING DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiffs move this court to compel defendant Weyerhaeuser to provide access to documents requested pursuant to Rule 34 and states as follows:

1. The parties have conferred. Plaintiffs' attorney and defendant's attorney have had telephone conversations and email exchanges concerning production of the documents.

2. Plaintiffs requested defendant Weyerhaeuser to produce documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. A copy of Weyerhaeuser's objections and responses are attached hereto as Exhibit 1.

3. Correspondence between the attorneys is attached as Exhibit 2.

4. In a telephone conference the parties agreed that these discovery requests were applicable to all of the asbestos cases brought against Weyerhaeuser in the Western District of Wisconsin, not just *Jacobs*.

5. Request No. 10:

  All documents related to Roddis Plywood Corporation's purchase of any Owens-Illinois Plywood, Inc.'s assets in 1959.

The request is relevant. Roddis is the predecessor of Weyerhaeuser in Marshfield,

1

Wisconsin. This request is for the purchase documents of Owens-Illinois Plywood division, which was sold to Roddis. Part of this purchase may be related to Roddis's involvement in the asbestos door core business.

6. Request No. 15:

> All documents and transactions conerning Owens-Illinois, Inc. And/or Owens-Illinois Plywood Company, Inc. and Roddis Plywood Corporation and/or Weyerhaeuser Company related to the asbestos-containing door core operation at the plant in Marshfield Wisconsin prior to 1972.

The request is relevant. Each of these entities did business with one another related to the door core operation. Documents sought would include any contracts between these entities for purchase or sale of the door core, due diligence concerning asbestos hazards, asbestos, environmental liabilities, what each party bought or sold, asbestos formulas, and substitutes for asbestos. Weyerhaeuser will not produce any Roddis document, these documents were turned over to Weyerhaeuser when Weyerhaeuser purchased Roddis.

7. Request No. 17:

> All technical reports for the asbestos-containing door core formulas concerning the composition of door core materials for the period of 1946 to 2000.

Plaintiff is willing to sign a confidentiality agreement for solely these documents as long as it does not apply to documents already in plaintiff's possession.

8. Request No. 19:

> All documents related to the Weyerhaeuser Company acquiring Roddis Plywood Corporation in 1959.

The request is relevant since it deals with the acquisition of Roddis by Weyerhaeuser. In addition to the buy/sell agreements, this request involves any documents concerning

2

environmental issues, nature of the transactions (the merger, purchase of assets, acquisition of liabilities), responsibility for Weyerhaeuser to assume the liabilities of Roddis, Roddis records concerning manufacture of fire doors, purchase price, liabilities, asbestos, due diligence concerning liabilities, environmental liabilities, insurance policies, and asbestos hazards.

9. Request No. 21:

> All documents and transactions related to Owens-Illinois, Inc. and Owens-Illinois Plywood Company, Inc. for the time period to 1961 concerning asbestos-containing formulas, transfer of formula assets, sale of formula assets, design of process, design of equipment, and licensing of asbestos-containing patents to Roddis Corporation.

The request is relevant because it deals with asbestos formulas, process, and equipment prior to 1961 between Owens-Illinois, Inc., Owens-Illinois Plywood Company, Inc., and Roddis Plywood. Roddis purchased the assets of Illinois Plywood Company Inc.. This purchase got Owens-Illinois as its subsidiary out of the door core business and sold its operation to Roddis.

Wherefore, plaintiffs pray this Honorable Court enter an order requiring the defendant produce all documents requested and produce a privilege log of any documents defendant claims to be privileged and the reasons claimed to constitute a privilege.

Dated: April 15, 2015

Respectfully submitted,

/s/ Michael P. Cascino
 *Attorney for the Plaintiff*

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, Illinois 60607
(312) 944-0600
Ecf.cvlo@gmail.com

.

Case 3:14-cv-00161-wmc  Document #: 102-8  Filed: 04/13/15  Page 5 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

This document relates to:                )
                                         )
Roger Seehafer and Janice Seehafer,      )        Case No. Case No. 3:14-cv-00161-wmc
Plaintiffs,                              )

v.

Weyerhaeuser Co., et al.,

Defendants.

**PLAINTIFFS' MOTION AND MEMORANDUM TO COMPEL DEFENDANT
WEYERHAEUSER TO PRODUCE DOCUMENTS PURSUANT TO RULE 34 OF THE
FEDERAL RULES OF CIVIL PROCEDURE CONCERNING DEFENDANT'S
RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiffs move this court to compel defendant Weyerhaeuser to provide access to documents requested pursuant to Rule 34 and states as follows:

1. The parties have conferred. Plaintiffs' attorney and defendant's attorney have had telephone conversations and email exchanges concerning production of the documents.

2. Plaintiffs requested defendant Weyerhaeuser to produce documents pursuant to Rule 34 of the Federal Rules of Civil Procedure. A copy of Weyerhaeuser's objections and responses are attached hereto as Exhibit 1.

3. Correspondence between the attorneys is attached as Exhibit 2.

4. Relevancy is addressed in the Fed. R. Civ. P. In the following manner:

> For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. **Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.**  Fed R. Civ. Pro. 26(b)(1)

5. Defendant has adopted the responses and objections of the *Seehafer* case for all of the cases before the Western District of Wisconsin. (See Exhibit No. 3.)

6. Defendant has not produced documents in response to requests nos. 1, 2, 3, 4, 6, 9, 29, 33, and 35 and will not unless plaintiff signs a confidentiality order.

    a. Defendant refuses to provide other documents absent plaintiffs' attorneys signing a confidentiality agreement that includes the documents that plaintiffs already have obtained and are not subject to any confidentiality agreement.

    b. The Courts in this jurisdiction discourage confidentiality agreements.

        **1)** The defendant must establish that each individual document constitutes confidential information that will result in a clearly defined and very serious injury. *Andrew Corp. v Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998) citing *Culinary Foods v Raychem Corp.*, 151 F.D.R. 297, 300 n. 1 (N.D. Ill. 1993).

        **2)** The Seventh Circuit has cautioned in the plainest terms that the default rule is full disclosure, and only in unusual cases may matters submitted in federal courts be shielded from public view. *Hicklin Engineering, L.C. v Bartell,* 439 F. 3d 346, 348 (7th Cir. 2006) and *Brooks v General Cas. Co.,* 2008 U.S. Dist. LEXIS 112301, 5-7, 2008 WL 1902003 (E.D. Wis. Apr. 25, 2008).

5. Request no. 5:

    5. All documents related to any workers compensation claims filed against Weyerhaeuser concerning asbestos disease.

    Worker compensation records are relevant to the issue of notice that asbestos is a hazard. The records are also relevant as to witnesses who may have received worker's compensation. Whether Weyerhaeuser has contested these or any other worker's

compensation claims is also relevant to Weyerhaeuser's position that there is worker's compensation available to tort claimants. Relevance based on notice applies to every facility Weyerhaeuser operated in the United States and Canada.

6. Request no. 7:

> 7. All documents related to the purchase or acquisition of Roddis by Weyerhaeuser.

Roddis was making fire doors in the late 1940's and throughout the 1950's. Some plaintiffs were exposed to asbestos from family members' clothing and personal items. These may be documents concerning the use of asbestos, and where and how it was used at Weyerhaeuser. These documents are relevant as to what was sold and what was bought; the legal relationship created by the sale and purchase including assets, liabilities, and mergers; environmental liabilities assumed and by whom; who was responsible for injuries to workers or non-workers; formulas; substitutes for asbestos; due diligence concerning liabilities; asbestos use and hazards.

7. Request no. 8:

> All documents concerning the design and formulas of non-asbestos fire doors by Weyerhaeuser.

This request is relevant. If defendant did not try to make a door core without asbestos this is evidence of negligence especially in the post-OSHA time-frame; if defendant had a substitute for asbestos for some or all of its door cores this is relevant as proof of negligence; if defendant did not have a substitution program before and after OSHA, this is evidence of negligence. The substitute may have been mined by W.R. Grace which was contaminated with tremolite, a form of amphibole asbestos.

8. Request no. 9:

   All documents concerning any respiratory protection for asbestos that was used at or purchased for use at the Marshfield plant.

   This is relevant to the plaintiff's claim against defendant 3M.

9. Request no. 10:

   All documents concerning the manufacturing, formulas, and autoclave system of asbestos door core material and panels by Weyerhaeuser.

   This request is relevant. The lawsuit is about manufacturing door cores with asbestos. The formulas can define the hazard. For example, if the formula had certain forms of asbestos.

10. Request no. 16:

    All documents concerning advertisements of asbestos fire doors and panels during the period of 1950 through 1978, including all Sweets catalogs.

    These documents are relevant. The documents concern advertisements, and what Roddis, Weyerhaeuser and Owens-Illinois were telling the public in trade journals. For example, Owens-Illinois allowed the continued use of its name on packaging after Owens-Illinois' subsidiary sold its product line to Roddis. These records could show that Roddis was selling asbestos cores. These records may show Owens-Illinois allowed Roddis or Weyerhaeuser to use its name. These documents will tell what these entities were saying about their asbestos door products.

11. Request no. 17:

    All documents related to any asbestos-containing formulas provided by Owens-Illinois, Inc. for use by Roddis Plywood Corporation and/or Weyerhaeuser Company during the period of 1946 through 1979.

    Weyerhaeuser claims there are no such documents. What due diligence has

4

Weyerhaeuser provided? Product formulas are relevant to asbestos content and where the asbestos was purchased and what was purchased. The formulas would also show asbestos was being used in the 1950s through 1970s. Formulas are proof asbestos was being used. Formulas may be part of the license Roddis and Weyerhaeuser obtained.

12. Request no. 28:

> All documents and transactions concerning Owens-Illinois, Inc. and/or Owens-Illinois Plywood Company, Inc. and Roddis Plywood Corporation and/or Weyerhaeuser Company related to the asbestos-containing door core operation at the plant in Marshfield, Wisconsin prior to 1972.

The request is relevant because it seeks contracts, agreements, purchase or sale documents of entities and for asbestos materials and door cores between any of the entities listed concerning the Marshfield plant.

13. Request no. 30:

> All documents related to the Weyerhaeuser company acquiring Roddis Plywood Corporation in 1960.

The documents related to Weyerhaeuser acquiring Roddis are relevant. What was the purchase price? What was sold? What liabilities were assumed and by whom? What were environmental liabilities? What changed after the acquisition? What was acquired? What happened to liabilities? What liabilities were discussed?

14. Request no. 34:

> All prior depositions and testimony in all asbestos cases involving Roddis and/or Weyerhaeuser. Product identification witnesses who did not work at the Marshfield plant are excluded from this request. This request includes depositions of all Marshfield plant workers, supervisors, employees, and personnel involved in the formulas for door core.

Prior testimony related to the formulas is relevant.

15. As to any documents in the defendant's possession that the defendant refuses to produce upon any grounds, plaintiffs request the production of a privilege log.

Wherefore, plaintiffs pray this Honorable Court enter an order requiring the defendant produce all documents requested and produce a privilege log of any documents defendant claims to be privileged and the reasons claimed to constitute a privilege.

Dated: April 15, 2015

Respectfully submitted,

/s/ Michael P. Cascino
*Attorney for the Plaintiff*
Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, Illinois 60607
(312) 944-0600
Ecf.cvlo@gmail.com