# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

**Dianne Jacobs, Administrator for the
Purposes of this Lawsuit on behalf of
Decedent RITA TREUTEL**                                    **PLAINTIFFS**

**v.**                                                     **CASE NO.: 3:12-cv-00899**

**OWENS-ILLINOIS, INC., ET AL.**                           **DEFENDANTS**

## WEYERHAEUSER COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL WEYERHAEUSER TO PRODUCE DOCUMENTS

Plaintiff's Motion to Compel should be denied because it is not well taken, does not certify Plaintiff has conferred in good faith as required by Rule 37(a), and fails on the merits. Many of the document requests raised in Plaintiff's Motion[1] are grossly overbroad and seek irrelevant information beyond the scope of the claims and issues in this case. The remaining requests at issue are moot because Weyerhaeuser has already produced relevant and responsive documents. For the following reasons, the Court should deny Plaintiff's motion to compel:

### Statement of the Facts

1.      On October 14, 2013, Weyerhaeuser served responses to Plaintiff's Interrogatories and Requests for Production of Documents. Weyerhaeuser supplemented these responses on February 25, 2014. The combined original and supplemental responses are attached hereto as Exhibit A.

2.      Even though Plaintiff's requests were overly broad and improper on multiple grounds, Weyerhaeuser produced relevant documents in response to many of the requests.

---

[1] Plaintiff's counsel filed a similar Motion to Compel in *Seehafer v. Weyerhaeuser Company, et al.*, Case No. 14-CV-161-wmc. To the extent that the issues in the *Seehafer* motion overlap with the issues at bar, Weyerhaeuser incorporates by reference its Response in Opposition to Plaintiffs' motion to compel in the *Seehafer* case.

Exhibit I - WY's Motion for Protective Order

3.      Many of the document requests, however, are extremely broad, are not limited in time or scope, and/or seek irrelevant information beyond the scope of this litigation.  In response to those requests, Weyerhaeuser responded with complete objections.

4.      Plaintiff's Motion seeks to compel Weyerhaeuser to produce documents responsive to certain, specific document requests addressed below.

**Argument**

## I.      The Requests Itemized In Plaintiff's Motion Are Overbroad And Seek Irrelevant Information Beyond The Scope Of This Litigation.

Weyerhaeuser objected entirely to many of Plaintiff's document requests because they are overbroad and seek irrelevant information that is beyond the scope of this litigation.  Rules 26(b) and 34 allow discovery of information relevant to the claims or defenses in the case, but "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (internal citation omitted); *see also Sherin v. Pugh*, No. 11-cv-772-wmc, 2013 U.S. Dist. LEXIS 126644, at *9 (W.D. Wis. Sept. 5, 2013) (noting that because certain "discovery requests [were] in no way focused on the specific conduct alleged in plaintiff's complaint, they [were] both overbroad and unlikely to lead to the discovery of admissible evidence").  A party may not expand the scope of discovery for potential additional claims. *See* Advisory Committee Note to the 2000 Amendment to Rule 26 (b)(1). Likewise, if a claim has been dismissed, further discovery relevant to that claim alone is not permitted. *Oppenheimer Fund,* 437 U.S. at 352. (noting that "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken").

To this end, Rule 34 requires that document requests "describe with reasonable particularity each item or category of items" sought.  "A request for 'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity

2

Exhibit I - WY's Motion for Protective Order

the items or category of items sought for Plaintiff's identification and production of responsive documents." *Sewell v. D'Alessandro & Woodyard, Inc.,* No. 2:07-cv-343-FtM-29SPC, 2011 U.S. Dist. LEXIS 28376, at *6 (M.D. Fla. Mar. 8, 2011); *Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pitsburgh, Pa.,* No. 07-12250, 2008 U.S. Dist. LEXIS 38297, at *7 (E.D. Mich. May 12, 2008) (finding that a request for "all documents" was "overbroad, not defined with the reasonable particularity required by Fed. R. Civ. P. 34 and is not narrowly tailored in scope or time to seek relevant information or information reasonably calculated to lead to the discovery of admissible evidence"); *In re Dayco Corp. Derivative Sec. Litigation*, 102 F.R.D. 468, 471 (S.D. Ohio 1984) ("a blanket request for 'all financial records' would be overbroad"); *Westhemeco, Ltd. v. New Hampshire Ins. Co.,* 82 F.R.D. 702, 709 (S.D.N.Y. 1979) ("In light of the wealth of material already made available in this case we find that plaintiff has failed to request these documents with the 'reasonable particularity' required by Rule 34.").

As detailed below, Weyerhaeuser's responses and objections to the requests itemized in Plaintiff's Motion to Compel are proper, and, therefore, Plaintiff's Motion should be denied:

10.    All documents related to Roddis Plywood Corporation's purchase of any of Owens-Illinois Plywood Company, Inc.'s assets in 1959.

Response: Weyerhaeuser objects to this request as it is overly broad and vague, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks documents related to transactions between companies other than Weyerhaeuser. The request also seeks information unrelated and irrelevant to Plaintiff's claims against Weyerhaeuser. Subject to these objections, Weyerhaeuser states that Defendant Owens-Illinois produced documents and information responsive to this request to Plaintiff's counsel on September 6, 2013.

Supplemental Response:  Weyerhaeuser objects to this request as it is overly broad and vague, and is not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks information protected by the attorney-client privilege and work product doctrine. Further, the request seeks information unrelated and irrelevant to Plaintiff's claims against Weyerhaeuser. Subject to these objections, Weyerhaeuser states that Defendant Owens-Illinois produced documents and information responsive to this request to Plaintiff's counsel on September 6, 2013.

Exhibit I - WY's Motion for Protective Order

**Argument:**  As a threshold matter, this request does not meet the requirements of Rule 34 –
it does not describe with reasonable particularity the information sought.  Rather, it seeks "*all
documents*" related to the purchase of another company.  The request is overbroad, is not limited
in time or scope, and encompasses potentially privileged information.  Plaintiff argues that "part
of this purchase may be related to Roddis's involvement in the asbestos door core business."
Plaintiff is on a fishing expedition, and the Request is much broader than its stated purpose.

15.     All documents and transactions concerning Owens-Illinois, Inc. and/or Owens-
Illinois Plywood Company, Inc. and Roddis Plywood Corporation and/or Weyerhaeuser
Company related to the asbestos-containing door core operation at the plant in
Marshfield, Wisconsin prior to 1972.

Response: Weyerhaeuser objects to this request as it is unintelligible, and, therefore,
Weyerhaeuser is unable to respond. Weyerhaeuser further objects because this request is
overly broad and vague, and is not reasonably calculated to lead to the discovery of
admissible evidence. Further, this request in part seeks documents related to transactions
between companies other than Weyerhaeuser.  The request also seeks information
unrelated and irrelevant to Plaintiff's claims against Weyerhaeuser.

Supplemental Response: Weyerhaeuser objects to this request as it is unintelligible, and,
therefore, Weyerhaeuser is unable to respond. Weyerhaeuser further objects because this
request is overly broad and vague, and is not reasonably calculated to lead to the
discovery of admissible evidence. The request also seeks information unrelated and
irrelevant to Plaintiff's claims against Weyerhaeuser.

**Argument:**  As a threshold matter, this request does not meet the requirements of Rule 34 –
it does not describe with reasonable particularity the information sought.  Rather, it seeks "*all
documents and transactions*" related to numerous companies.  The request is overbroad and is
not limited in scope.  Further, the request is nonsensical.  "Transaction" is not defined.  Although
Plaintiff claims that this request seeks information related to the purchase or sale of asbestos
materials and door cores between Owens-Illinois and Weyerhaeuser, Plaintiff's request far
exceeds that scope.

4

Exhibit I - WY's Motion for Protective Order

17. All technical reports for the asbestos-containing door core formulas concerning the composition of door core materials for the period of 1946 through 2000.

Response: Weyerhaeuser objects to this request as it is overly broad and vague, is not limited to the specific time period of Mrs. Treutel's alleged exposure, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, this request in part seeks documents related to companies other than Weyerhaeuser. The request also seeks information unrelated and irrelevant to Plaintiff's claims against Weyerhaeuser. Subject to these objections, Weyerhaeuser states that it will make available to Plaintiff's counsel responsive documents subject to a confidentiality agreement.

**Argument:** As stated in the response, Weyerhaeuser is willing to produce responsive documents subject to the entry of a confidentiality agreement. This request seeks technical reports that include formulas and other confidential and proprietary information. Plaintiff's counsel stated in the Motion that they are willing to sign a confidentiality agreement. Pltf's Mot. at 2. Therefore, the Motion is moot as to this request.

19. All documents related to the Weyerhaeuser Company acquiring Roddis Plywood Corporation in 1960.

Response: Weyerhaeuser objects to this request as it is overly broad and vague, is not limited to the specific time period of Mrs. Treutel's alleged exposure, and is not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks information unrelated and irrelevant to Plaintiffs claims against Weyerhaeuser.

**Argument:** As a threshold matter, this request does not meet the requirements of Rule 34 – it does not describe with reasonable particularity the information sought. Rather, it seeks "*all documents*" related to the acquisition of a company. The request is overbroad, is not limited in time or scope, and encompasses potentially privileged information. Although Plaintiff claims that this request seeks, *inter alia*, information regarding "environmental issues," "purchase price," "liabilities," "asbestos, "due diligence concerning liabilities," and other broad categories of information, Plaintiff's request describes none of these things, and Plaintiff's motion does not explain how this information is relevant to this litigation. The documents that are potentially

5

Exhibit I - WY's Motion for Protective Order

responsive to this broad request far exceed the hypothetical list of types of documents provided in Plaintiff's Motion and are well beyond the scope of Plaintiff's nuisance claims.

> 21.    All documents and transactions related to Owens-Illinois, Inc. and Owens-Illinois Plywood Company, Inc. for the time period to 1961 concerning asbestos-containing formulas, transfer of formula assets, sale of formula assets, design of process, design of equipment, and licensing of asbestos-containing patents to Roddis Plywood.
>
> Response: Weyerhaeuser objects to this request as it is overly broad and vague, is not limited to the specific time period of Mrs. Treutel's alleged exposure, and is not reasonably calculated to lead to the discovery of admissible evidence. Further, this request in part seeks documents related to companies other than Weyerhaeuser. The request also seeks information unrelated and irrelevant to Plaintiffs  claims  against Weyerhaeuser.  Weyerhaeuser  further objects because the request incorrectly assumes facts. Subject to these objections, Weyerhaeuser states that Defendant Owens-Illinois produced documents and information responsive to  this request to Plaintiffs counsel on September 6, 2013.
>
> Supplemental Response: Weyerhaeuser objects to this request as it is overly broad and vague, is not limited to the time and place of Mrs. Treutel's alleged exposure, and is not reasonably calculated to lead to the discovery of admissible evidence. The request seeks information protected by the attorney-client privilege and work product doctrine. Further, the request seeks information unrelated and irrelevant to Plaintiffs claims against Weyerhaeuser. Weyerhaeuser further objects because the request incorrectly assumes facts. Subject to these objections, see attached privilege log and documents, WY53_0002489- WY53_0002505.

**Argument:**  On February 24, 2014, when Weyerhaeuser supplemented its response to this document request, it produced the only responsive documents located to date, as noted in the Supplemental Response above.  Because Weyerhaeuser has produced responsive documents, Plaintiff's Motion is moot as to this Request.

## Conclusion

Because many of the requests at issue are overbroad and seek irrelevant information, and because the remaining requests are moot, Plaintiff's Motion should be denied.

Respectfully submitted this the 22nd day of April, 2015.

6

Exhibit I - WY's Motion for Protective Order

Counsel for Weyerhaeuser Company,

/s/   Tanya D. Ellis
Joshua J. Metcalf (MS Bar No. 100340)
Tanya D. Ellis (MS Bar No. 101525)
FORMAN WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100 (39201)
Post Office Box 22608 (39225-2608)
Jackson, Mississippi
Phone: (601) 960-8600
Facsimile: (601) 960-8613
Email: Tanya.Ellis@formanwatkins.com
Email: Joshua.Metcalf@formanwatkins.com

7

Exhibit I - WY's Motion for Protective Order

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on April 22, 2015 the foregoing was filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

<u>/s/  Tanya D. Ellis</u>

Tanya D. Ellis

8

Exhibit I - WY's Motion for Protective Order

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

**ROGER SEEHAFER AND JANICE SEEHAFER**        **PLAINTIFFS**

**v.**        **CASE NO. 14-CV-161-wmc**

**WEYERHAEUSER COMPANY, ET AL.**        **DEFENDANTS**

## WEYERHAEUSER COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL WEYERHAEUSER TO PRODUCE DOCUMENTS

Plaintiffs' Motion to Compel should be denied because it is not well taken, does not show Plaintiffs have conferred in good faith as required by Rule 37(a), and fails on the merits. Even though Plaintiffs' requests were overly broad and improper on multiple grounds, Weyerhaeuser agreed to produce relevant documents in response to many of the requests cited in the Motion, subject to the entry of a confidentiality agreement. As recently as March 29, 2015 the parties were discussing the content of such an agreement. While discussions were ongoing, Plaintiffs filed the instant Motion and now contend that confidentiality agreements are "discouraged" by courts. To the contrary, this Court has already entered an order requiring Plaintiffs to maintain certain Weyerhaeuser documents as confidential, and most of the cases cited by Plaintiffs do not support Plaintiffs' position. The one relevant case Plaintiffs cite actually held that the moving party must maintain the documents at issue as confidential. Furthermore, the remainder of the document requests listed in Plaintiffs' Motion[1] are grossly overbroad and seek irrelevant information beyond the scope of the claims and issues in this case. For the following reasons, the Court should deny Plaintiffs' motion to compel:

---

[1] Plaintiffs filed a similar Motion to Compel in *Treutel v. Weyerhaeuser Company, et al.*, Case No. 12-cv-899.

Exhibit I - WY's Motion for Protective Order

## Statement of the Facts

1.       The parties have litigated issues related to the improper production and misuse of Weyerhaeuser documents in both the Asbestos MDL Court and this Court.  Plaintiffs' counsel obtained Weyerhaeuser documents outside the discovery process – some from a former Weyerhaeuser employee and others purportedly from a secret document production at the facility.  As a result, both Courts entered orders requiring Plaintiffs' counsel to maintain the documents as confidential and prohibiting the disclosure of the documents to third parties. Attached as Exs. A and B.

2.       On June 2, 2014, Weyerhaeuser served two sets of discovery responses – Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents, and Responses to Plaintiffs' Second Set of Requests for Production of Documents.  Attached as Ex. C.

3.       Many of the document requests are extremely broad, are not limited in time or scope, and/or seek irrelevant information beyond the scope of this litigation.  In response to those requests, Weyerhaeuser responded with complete objections.

4.       In response to many of the document requests, however, Weyerhaeuser agreed to produce relevant and responsive documents subject to the entry of a proposed confidentiality agreement.  Plaintiffs' counsel agreed in concept to the entry of such an agreement.  Indeed, the parties worked together to develop a mutually agreeable confidentiality agreement and exchanged drafts and comments.  *See* Exs. D, E, and F.  The agreement allows Plaintiffs to use the documents in this case and the related pending cases but prohibits the use or disclosure of the documents outside this litigation.  As recently as February and March of this year, Plaintiffs' counsel discussed the use and entry of a confidentiality agreement.  *See* Exs. G and H.

Exhibit I - WY's Motion for Protective Order

5.    Before the confidentiality agreement was finalized, and without further discussion or notice, Plaintiffs filed the instant Motion arguing that confidentiality agreements among parties are "discouraged" and that Weyerhaeuser should be compelled to produce "all requested documents."  *See* Pltfs' Mot. at ¶ 6.

## Argument

### I.    Plaintiffs Motion Squanders This Court's Time By Asking It to Rule on An Issue before Plaintiffs Conferred in Good Faith.

Plaintiffs' Motion represents the very type of misuse of judicial resources that Rule 37(a)(1) intends to avoid. This Rule "ultimately rests" on what courts have called "the shortness of life and the reality that there is a never ending procession of cases that compete for judicial attention. Each hour needlessly spent on a dispute is an hour squandered." *Slaven v. Great Am. Ins. Co.,* No. 11 C 79932014, U.S. Dist. LEXIS 128699, at *1 (N.D. Ill. Sept. 11, 2014). To save judicial resources, Rule 37 requires that "parties confer in good faith over discovery squabbles before approaching the court with a motion" and provide a certification of their meet and confer efforts. *See id.* at *5.[2]  *See also More v. Callahan*, No. 13-cv-846-bbc, 2014 U.S. Dist. LEXIS 114912, at *8-9 (W.D. Wis. Aug. 19, 2014) (denying plaintiff's motion to compel when plaintiff failed to certify that she attempted to resolve her problem with defendant prior to filing the motion); *see also Rhodes v. Marix Servicing, LLC,* No. 12-01636, 2013 U.S. Dist. LEXIS 169586, at *7-8 (D.N.J. Dec. 2, 2013) (holding that plaintiffs' counsel did not satisfy their duty to confer in good faith to resolve discovery disputes when they wrote a single e-mail to defense counsel before filing their motion to compel).  Plaintiffs' Motion includes no such certification.

---

[2] Fed. R. Civ. P. 37 (a)(1) requires that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Likewise, the Pretrial Conference Order provides that a party "may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute," and that "[a]ll efforts to resolve the dispute must be set forth in any subsequent discovery motion."  (ECF No. 27).

3

Exhibit I - WY's Motion for Protective Order

Further, instead of continuing the ongoing discussions to develop an acceptable confidentiality agreement, Plaintiffs' counsel unilaterally abandoned these efforts and filed their Motion. Correspondence up through the filing of the Motion (and *attached* to the Motion) demonstrates that the parties had <u>not</u> reached an impasse in the discovery process, that Weyerhaeuser had not refused to produce relevant and responsive documents, and that Plaintiffs' counsel had agreed to the entry of a confidentiality agreement. *See* Exhibits C to H.

Because Plaintiffs failed to meet the good faith requirements of Rule 37, Plaintiffs' Motion to Compel should be denied.

## II. A Confidentiality Agreement Is Appropriate and Necessary To Prevent The Disclosure Of Documents Outside The Discovery Process.

As a threshold matter, Plaintiffs' counsel agreed to enter into a confidentiality agreement and have offered no explanation as to why they are now unwilling to do so.[3] Many of the documents they are asking for include formulas, processes, patents, financial information, etc. Plaintiffs contend for the first time that such agreements are "discouraged" by courts. Mot. at ¶ 6. The cases cited by Plaintiffs, however, do not support this contention.

First, Plaintiffs cite *Andrew Corp. v Rossi*, a case involving a motion for a protective order in which the moving party failed to prove the elements for such an order. The court, therefore, denied the motion. 180 F.R.D. 338, 341 (N.D. Ill. 1998). Next, Plaintiffs cite a pair of cases for the contention that the Seventh Circuit requires full disclosure of documents. Such an interpretation of the two cases cannot be sustained. In *Hicklin Engineering, L.C. v Bartell*, the Seventh Circuit reviewed a trial judge's order to "keep both of her substantive opinions under seal – not just portions that revealed trade secrets, but the whole opinions," such that "[t]he

---

[3] Plaintiffs allege that the proposed confidentiality agreement "includes the documents that plaintiffs already have obtained and are not subject to any confidentiality agreement." While the documents referred to are not currently subject to an existing confidentiality agreement, they are governed by two court orders, one from this Court (Ex. B) and another from the United States District Court for the Eastern District of Pennsylvania. (Ex. A).

Exhibit I - WY's Motion for Protective Order

resolution of [the] litigation thus ha[d] been concealed from the public." 439 F.3d 346, 348 (7th Cir. 2006). The court refused to operate under such secrecy, emphasizing that "both judicial opinions and litigants' briefs must be in the public record." *Id.* The cases say nothing about pre-trial confidentiality agreements among parties.[4]

In fact, the only case cited by Plaintiffs that relates to a confidentiality agreement required the litigants to maintain the documents at issue as confidential. In *Brooks v General Cas. Co.*, a co-defendant and its insurer sought access to a confidential settlement agreement. 2008 U.S. Dist. LEXIS 112301, at *5-7, 2008 WL 1902003 (E.D. Wis. Apr. 25, 2008). The court granted the motion to compel "with the understanding that [the co-defendant and its insurer] are to keep the agreement confidential," meaning that they were "to treat the settlement agreement as confidential and not disclose its contents to any third parties." *Id.* at *5.

The proposed confidentiality agreement at issue here accomplishes the directives of *Brooks* – it prevents the use and disclosure of Weyerhaeuser documents to third parties, outside this litigation. It does <u>not</u> restrict Plaintiffs' use of the documents in this litigation. Indeed, it expressly allows Plaintiffs to share the documents with their experts and consultants and to use the documents at depositions and in Court filings under seal. Good cause exists for such an agreement given that Plaintiffs' counsel has obtained hundreds of documents outside the discovery process, without Weyerhaeuser's knowledge or consent, and has shared those documents with third parties who are not part of this litigation. Many of those documents are privileged. Both this Court and the MDL Court have issued orders directing Plaintiffs' counsel to maintain the confidentiality of documents in their possession. Weyerhaeuser seeks to protect any additional documents it may produce from similar conduct.

---

[4] Where the Seventh Circuit has spoken on the issue of keeping documents confidential during pre-trial discovery, that court has stated that such "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545, (7th Cir. Ill. 2002) (Easterbrook, J.).

Exhibit I - WY's Motion for Protective Order

### III. The Requests Itemized In Plaintiffs' Motion Are Overbroad And Seek Irrelevant Information Beyond The Scope Of This Litigation.

Weyerhaeuser objected entirely to many of Plaintiffs' document requests because they are overbroad and seek irrelevant information that is beyond the scope of this litigation. Rules 26(b) and 34 allow discovery of information relevant to the claims or defenses in the case, but "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (internal citation omitted); *see also Sherin v. Pugh*, No. 11-cv-772-wmc, 2013 U.S. Dist. LEXIS 126644, at *9 (W.D. Wis. Sept. 5, 2013) (noting that because certain "discovery requests [were] in no way focused on the specific conduct alleged in plaintiff's complaint, they [were] both overbroad and unlikely to lead to the discovery of admissible evidence"). A party may not expand the scope of discovery for potential additional claims. *See* Advisory Committee Note to the 2000 Amendment to Rule 26(b)(1). Likewise, if a claim has been dismissed, further discovery relevant to that claim alone is not permitted. *Oppenheimer Fund,* 437 U.S. at 352. (noting that "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken").

To this end, Rule 34 requires that document requests "describe with reasonable particularity each item or category of items" sought. "A request for 'all documents and records' that relate to 'any of the issues,' while convenient, fails to set forth with reasonable particularity the items or category of items sought for Plaintiff's identification and production of responsive documents." *Sewell v. D'Alessandro & Woodyard, Inc.,* No. 2:07-cv-343-FtM-29SPC, 2011 U.S. Dist. LEXIS 28376, at *6 (M.D. Fla. Mar. 8, 2011); *Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pitsburgh, Pa.,* No. 07-12250, 2008 U.S. Dist. LEXIS 38297, at *7 (E.D. Mich. May 12, 2008) (finding that a request for "all documents" was "overbroad, not defined with the reasonable particularity required by Fed. R. Civ. P. 34 and is not narrowly tailored in scope or

6

Exhibit I - WY's Motion for Protective Order

time to seek relevant information or information reasonably calculated to lead to the discovery of admissible evidence"); *In re Dayco Corp. Derivative Sec. Litigation*, 102 F.R.D. 468, 471 (S.D. Ohio 1984) ("a blanket request for 'all financial records' would be overbroad"); *Westhemeco, Ltd. v. New Hampshire Ins. Co.,* 82 F.R.D. 702, 709 (S.D.N.Y. 1979) ("In light of the wealth of material already made available in this case we find that plaintiff has failed to request these documents with the 'reasonable particularity' required by Rule 34.").

As detailed below, Weyerhaeuser's responses and objections to the requests itemized in Plaintiffs' Motion to Compel are proper:

5. All documents related to any workers compensation claims filed against Weyerhaeuser concerning asbestos disease.

   **RESPONSE:** Weyerhaeuser objects to this document request and incorporates by reference its Preliminary Statement and General Objections. Weyerhaeuser further objects to this request as it seeks privileged and confidential employee information. Further, this request is not reasonably calculated to lead to the discovery of admissible evidence and seeks information unrelated and irrelevant to Plaintiff's claims.

   **ARGUMENT:** As a threshold matter, this request does not meet the requirements of Rule 34 – it does not describe with reasonable particularity the information sought. Rather, it seeks "*all* documents related to *any* workers compensation claims." The request is overbroad and is not limited in time or scope. Further, workers compensation claims files are not relevant to the nuisance claims pending against Weyerhaeuser. Plaintiffs contend that such information is relevant to the issue of notice. Even if true, the breadth of the request far exceeds that purpose. And Weyerhaeuser has already provided the date of its first asbestos-related workers' compensation claim in other discovery responses. Because this request is does not comply with

7

Exhibit I - WY's Motion for Protective Order

Rule 34, is overbroad, and seeks information beyond the scope of discovery, Plaintiffs' Motion to Compel documents responsive to Request No. 5 should be denied.[5]

7. All documents related to the purchase or acquisition of Roddis by Weyerhaeuser.

> **RESPONSE:**  Weyerhaeuser objects to this request and incorporates by reference its Preliminary Statement and General Objections.  Weyerhaeuser further objects that this request is overly broad, vague, not limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, this request seeks information that is not relevant to Plaintiffs claims against Weyerhaeuser.  Moreover, the request seeks information protected by the attorney-client privilege and work product doctrine.

> **ARGUMENT**:  As a threshold matter, this request does not meet the requirements of Rule 34 – it does not describe with reasonable particularity the information sought.  Rather, it seeks "*all* documents" related to the acquisition of a company.  The request is overbroad and is not limited in time or scope and encompasses potentially privileged information.  Although Plaintiff claims that this request seeks, *inter alia*, information regarding the use of asbestos, formulas, and assumption of liabilities, Plaintiffs' request describes none of these things.  The documents that are potentially responsive to this broad request far exceed the hypothetical list of types of documents provided in Plaintiffs' Motion.   To the extent that Plaintiff seeks information regarding formulas, hazards or asbestos use, this request is duplicative and cumulative as Plaintiff also requests such information in other Requests.  (*See, e.g.,* Plaintiff's First Request for Production to Weyerhaeuser, Nos. 11, 12, 14).

---

[5]  Weyerhaeuser also properly objected to this Request because the information sought encompasses the confidential and private information and medical records of its employees, and because the request seeks irrelevant information. The State of Washington, where Weyerhaeuser is incorporated, recognizes an individual's right to privacy, which extends even to an individual's employment records. *See* Wash. Const. Art. I, § 7 ("No person shall be disturbed in his private affairs, or his home invaded, without authority of law."); *DeLong v. Parmelee,* 157 Wn. App. 119, 156, 236 P.3d 936, 955, n. 22 (Wash. Ct. App. 2010). Washington courts have recognized that the release of employment records could be an invasion of privacy. *Beltran v. DSHS*, 98 Wn. App. 245, 257, 989 P.2d 604, 611 (Wash. Ct. App. 1999) (noting that "the evaluation of an individual's work performance, even if favorable, is personal information and its release is an invasion of privacy") (internal citation and quotation omitted). The files also would include medical records, including protected health records. HIPAA permits the release of such information to the individual or his personal representative, or pursuant to a court order or subpoena. 45 C.F.R. § 164.502(a), (f), (g) and 164.512(e).  Plaintiff has provided no such authorization from the individual employees.

Exhibit I - WY's Motion for Protective Order

8. All documents concerning the design and formulas of non-asbestos fire doors by Weyerhaeuser.

**RESPONSE:** Weyerhaeuser objects to this document request and incorporates by reference its Preliminary Statement and General Objections. Weyerhaeuser objects to this request as it is overly broad and vague, and is not reasonably calculated to lead to the discovery of admissible evidence and seeks information unrelated and irrelevant to Plaintiff's claims against Weyerhaeuser. Moreover, the request also seeks information protected by the attorney-client privilege and work product doctrine and confidential, proprietary information.

**ARGUMENT:** As a threshold matter, this request does not meet the requirements of Rule 34 – it does not describe with reasonable particularity the information sought. Rather, it seeks "*all* documents" related to non-asbestos containing fire doors. The request is overbroad and is not limited in time or scope. Further, Plaintiffs' claims allege exposure from asbestos-containing fire doors. Therefore, information related to non-asbestos containing doors is irrelevant and beyond the scope of this litigation. Plaintiff claims that the information sought is relevant to negligence vis-à-vis the enactment of OSHA. But OSHA governs work place issues, and Plaintiffs' only claims against Weyerhaeuser are for nuisance related to alleged asbestos exposure *outside* the plant. Moreover, to the extent that Plaintiffs seek information regarding formulas or asbestos use, this request is duplicative and cumulative as Plaintiffs also request this information in other Requests. (*See, e.g.,* Plaintiff's First Request for Production to Weyerhaeuser in *Seehafer v. Weyerhaeuser,* Nos. 11, 12)

9. All documents concerning any respiratory protection for asbestos that was used at or purchased for use at the Marshfield plant.

**RESPONSE:** Weyerhaeuser objects to this request and incorporates by reference its Preliminary Statement and General Objections. Weyerhaeuser further objects that this request is overly broad, vague, not limited in time or scope, and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request encompasses information that is privileged and confidential. Subject to its objections, without waiver and as limited thereby, Weyerhaeuser states that, subject to the entry of the Confidentiality Agreement attached hereto, Weyerhaeuser will make non-privileged, relevant documents responsive to this request available for inspection at Weyerhaeuser's Headquarters in Federal Way, Washington at a mutually agreeable date and time.

9

Exhibit I - WY's Motion for Protective Order

**ARGUMENT:**  As a threshold matter, this request does not meet the requirements of Rule 34 – it does not describe with reasonable particularity the information sought.  Rather, it seeks "*all* documents" related to "any" respiratory protection used inside the Marshfield plant.  The request is overbroad and is not limited in time or scope.  Moreover, although Plaintiffs claim this request is directed at information regarding "3M masks," Plaintiffs' request is not limited to any particular brand or even type of mask.  Nonetheless, as evidenced in Weyerhaeuser's response, Weyerhaeuser has agreed to make relevant, non-privileged documents available for inspection subject to the entry of the confidentiality agreement discussed above.

10. All documents concerning the manufacturing, formulas, and autoclave system of asbestos door core material and panels by Weyerhaeuser.

   **RESPONSE:**  Weyerhaeuser objects to this document request and incorporates by reference its Preliminary Statement and General Objections. Weyerhaeuser objects to this request as it is nonsensical and vague, not limited in time or scope or to any relevant location, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information unrelated and irrelevant to Plaintiff's claims against Weyerhaeuser.  Moreover, this request seeks information protected by the attorney-client privilege and confidential, proprietary information.

   **ARGUMENT:**  As a threshold matter, this request does not meet the requirements of Rule 34 – it does not describe with reasonable particularity the information sought.  Rather, it seeks "*all* documents" related to asbestos door cores.  The request is overbroad and is not limited in time or scope.  Plaintiffs claim this Request seeks information only about formulas and forms of asbestos, but the request is much broader.  To the extent that Plaintiffs seek such information, this request would be duplicative and cumulative as Plaintiffs have requested information regarding formulas in other Requests.  (*See, e.g.,* Plaintiff's First Request for Production to Weyerhaeuser in *Seehafer v. Weyerhaeuser,* Nos. 11, 12.)

10

Exhibit I - WY's Motion for Protective Order

16. All documents concerning advertisements of asbestos fire doors and panels during the period of 1950 through 1978, including all Sweets catalogs.

**RESPONSE:** Weyerhaeuser objects to this interrogatory and incorporates by reference its Preliminary Statement and General Objections. Weyerhaeuser further objects that this interrogatory is overbroad, vague, ambiguous, and seeks information not relevant o Plaintiff's claims against Weyerhaeuser and not likely to lead to the discovery of admissible evidence.

**ARGUMENT:** As a threshold matter, this request does not meet the requirements of Rule

34 – it does not describe with reasonable particularity the information sought. Rather, it seeks

"*all* documents" related to advertisements of asbestos fire doors from 1950 to 1978. The request

is overbroad and is not limited in scope. Contrary to Plaintiffs' argument, how Weyerhaeuser

advertised its products is not at issue in this litigation. Plaintiffs have been allowed to proceed

only with a nuisance claim against Weyerhaeuser.

17. All documents related to any asbestos-containing formulas provided by Owens-Illinois, Inc. for use by Roddis Plywood Corporation and/or Weyerhaeuser Company during the period of 1946 through 1979.

**RESPONSE:** Weyerhaeuser objects to this request and incorporates by reference its Preliminary Statement and General Objections. Weyerhaeuser further objects that this request is overly broad and vague, and is not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks information unrelated and irrelevant to Plaintiff's claims against Weyerhaeuser. **Subject to these objections, Weyerhaeuser states that it has identified no documents responsive to this request.**

**ARGUMENT:** Weyerhaeuser has fully responded to this Request. Plaintiffs argue that

Weyerhaeuser did not describe the "due diligence" performed to answer this request. But the

Rules do not require that the responding party give any such description.

28. All documents and transactions concerning Owens-Illinois, Inc. and/or Owens-Illinois Plywood Company, Inc. and Roddis Plywood Corporation and/or Weyerhaeuser Company related to the asbestos-containing door core operation at the plant in Marshfield, Wisconsin prior to 1972.

**RESPONSE:** Weyerhaeuser objects to this request and incorporates by reference its Preliminary Statement and General Objections. Weyerhaeuser further objects to this request as it is overly broad, vague, and unintelligible, and, therefore, Weyerhaeuser is unable to

11

Exhibit I - WY's Motion for Protective Order

respond to the request as written. Weyerhaeuser further objects because this request is overly broad and vague, and is not reasonably calculated to lead to the discovery of admissible evidence. The request also seeks information unrelated and irrelevant to Plaintiff's claims against Weyerhaeuser.

**ARGUMENT:**  As a threshold matter, this request does not meet the requirements of Rule 34 – it does not describe with reasonable particularity the information sought.  Rather, it seeks "*all* documents and transactions" related to numerous companies.  The request is overbroad and is not limited in scope.  Further, the request is nonsensical.  "Transaction" is not defined.  Although Plaintiffs claim that this request seeks information related to the purchase or sale of asbestos materials and door cores between Owens-Illinois and Weyerhaeuser, Plaintiffs' request far exceeds that scope.

30. All documents related to the Weyerhaeuser company acquiring Roddis Plywood Corporation in 1960.

**RESPONSE:**  Weyerhaeuser objects to this request and incorporates by reference its Preliminary Statement and General Objections.  Weyerhaeuser further objects to this request as it is cumulative and duplicative, overly broad and vague, not limited in time or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the request also seeks information unrelated and irrelevant to Plaintiff's claims against Weyerhaeuser.  Subject to its objections, without waiver and as limited thereby, Weyerhaeuser refers Plaintiff to its response to Request No. 7.

**ARGUMENT:**  This request is entirely duplicative of Request No. 7 discussed above. Accordingly, see Weyerhaeuser's argument above.

34. All prior depositions and testimony in all asbestos cases involving Roddis and/or Weyerhaeuser. Product identification witnesses who did not work at the Marshfield plant are excluded from this request. This request includes depositions of all Marshfield plant workers, supervisors, employees, and personnel involved in the formulas for door core.

**RESPONSE:**  Weyerhaeuser objects to this request and incorporates by reference its Preliminary Statement and General Objections. Weyerhaeuser objects to this request as it is overly broad, vague, and unduly burdensome. Further, this request is not reasonably calculated to lead to the discovery of admissible evidence and seeks information unrelated and irrelevant to Plaintiff's claims.

12

Exhibit I - WY's Motion for Protective Order

**ARGUMENT:**  As a threshold matter, this request does not meet the requirements of Rule 34 – it does not describe with reasonable particularity the information sought.  Rather, it seeks "*all* depositions and testimony" in "all asbestos cases."  The Request is overbroad, is not limited in scope, and seeks irrelevant information.  Plaintiffs claim that the information sought is relevant to the extent it is related to the formulas. However, Plaintiffs' request does not specify that this is the information sought.  Instead, this Request seeks the testimony of individuals in "all asbestos cases" involving Weyerhaeuser, encompassing dates, locations, and claims not at issue in this litigation.  Moreover, to the extent that Plaintiffs seek relevant information regarding formulas, this request would be duplicative and cumulative as Plaintiffs also request such information in other Requests.   (*See, e.g.,* Plaintiff's First Request for Production to Weyerhaeuser in *Seehafer v. Weyerhaeuser,* No. 11).

### Conclusion

Because Plaintiffs did not confer with Weyerhaeuser in good faith, but rather abandoned ongoing discussions regarding the production of documents and the entry of a confidentiality agreement, and because the document requests at issue in Plaintiffs' Motion are overbroad and seek information beyond the scope of claims and issues in this litigation, Plaintiffs' Motion to Compel should be denied.

Respectfully submitted this the 22nd day of April, 2015.

Counsel for Weyerhaeuser Company,

/s/   Tanya D. Ellis
Joshua J. Metcalf (MS Bar No. 100340)
Tanya D. Ellis (MS Bar No. 101525)
FORMAN WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100 (39201)
Post Office Box 22608 (39225-2608)
Jackson, Mississippi

13

Exhibit I - WY's Motion for Protective Order

Phone: (601) 960-8600
Facsimile: (601) 960-8613
Email: Tanya.Ellis@formanwatkins.com
Email: Joshua.Metcalf@formanwatkins.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 22, 2015 the foregoing was filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/  Tanya D. Ellis
Tanya D. Ellis

14

Exhibit I - WY's Motion for Protective Order