IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN HECKEL, individually and
as special administrator for the purposes
of this lawsuit on behalf of Sharon Heckel,

          Plaintiff,          OPINION AND ORDER

  v.

                                                             13-cv-459-wmc

3M COMPANY, CBS CORP., GENERAL
ELECTRIC CO., METROPOLITAN LIFE
INSURANCE COMPANY, OWENS-ILLINOIS
INC., and WEYERHAEUSER COMPANY,

          Defendants.

------------------------------------------------------------------------------------------------------------------------

DIANNE JACOBS, individually and
as special administrator for the purposes
of this lawsuit on behalf of Rita Treutel,

          Plaintiff,

  v.

                                                             12-cv-899-wmc

OWENS-ILLINOIS INC., RAPID AMERICAN
CORPORATION, and WEYERHAEUSER
COMPANY,

          Defendants,

RAPID AMERICAN CORPORATION,

          Cross-claimant,

  v.

OWENS-ILLINOIS INC. and WEYERHAEUSER

      In this opinion and order, the court takes up two related motions filed in the above captioned asbestos cases.  First, defendant Weyerhaeuser Company moves for judgment on the grounds that:  (a) this court has dismissed similar claims premised solely

on workplace exposure and (b) the time -- as set in the MDL court -- for amending complaints has passed, precluding plaintiffs from now claiming the kind of community exposure on which other asbestos plaintiffs have been allowed to proceed. ('459 dkt. #37; '899 dkt. #45.) Second, and perhaps unsurprising, the two plaintiffs move for leave to file second amended complaints, containing allegations of community exposure. ('459 dkt. #48; '899 dkt. #52.) For the reasons that follow, the court will grant in part and deny in part Weyerhaeuser's motion for judgment on the pleadings, as well as grant plaintiffs' motions for leave to amend their respective complaints.

BACKGROUND

In opinions and orders dated August 22, 2014, this court dismissed defendant Weyerhaeuser Company as a defendant in several related asbestos cases, finding that the claims brought against it were barred by Wisconsin's Workers Compensation Act, Wis. Stat. § 102.03(1). (*See, e.g.*, *Prust*, No. 14-cv-143-wmc (dkt. #62).) On November 4, 2014, after the plaintiffs in these other asbestos cases filed motions for reconsideration and proposed amended complaints alleging community (non-workplace) exposure to asbestos, the court granted those plaintiffs' motions for reconsideration, allowing them to pursue nuisance claims based on community exposure. (*Id.* (dkt. #80).)

While the cases now back before this court were still pending in the MDL, that court set a deadline for amending complaints of November 27, 2013, and a deadline for the close of fact discovery of June 16, 2014. (Def.'s Mot. ('459 dkt. #37, '899 dkt. #45).) Reiterating arguments made in its prior successful motions, Weyerhaeuser

2

contends that plaintiffs' respective claims against it in their first amended complaints are barred by Wisconsin's Worker's Compensation Act, Wis. Stat. § 102.03(1). Plaintiffs in this case also oppose that motion for the same reasons articulated in earlier briefs opposing similar motions to dismiss.

OPINION

The court finds no basis for departing from its prior opinions and order dismissing any claim against Weyerhaeuser premised on workplace exposure. Accordingly, the court will grant that portion of Weyerhaeuer's motion.

The more interesting issue is whether Heckel and Jacobs may pursue claims against Weyerhaeuser based on community exposure. Weyerhaeuser contends that they cannot because the time for amending complaints has lapsed. This court thoroughly rejects any suggestion that this court lacks the authority to grant plaintiffs leave to amend. While Weyerhaeuser does not attach the MDL scheduling order, the court assumes -- consistent with general practice -- that the date set for amending pleadings is the date by which a party may amend *without* leave of court. After that date, a plaintiff must seek leave to amend, which the plaintiffs now have done. Even if this were not the intended import of the MDL court's order, this court retains the power to grant leave to amend as appropriate under Federal Rule of Civil Procedure 15(a)(2), which shall be "freely give[n] leave when justice so requires." *Id.*

Whether to grant or deny leave to amend rests within the discretion of the district court, subject to the admonition that in "the absence of any apparent or declared reason

. . . the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Even so, courts should not automatically grant leave to amend: "a court may deny a motion to amend because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" *Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1303 (7th Cir. 1993) (quoting *Foman*, 371 U.S. at 182).

     Here, plaintiffs arguably had no reason to seek amendment until after the court had dismissed such claims in other asbestos cases, which happened almost one year after the deadline for amending complaints, and even after the close of discovery, as set in the MDL court. Certainly, plaintiffs could have filed amended complaints more promptly once this court had issued its opinions and orders dismissing similar claims premised on workplace exposure, but the court does not find that plaintiffs were dilatory in failing to seek leave at that time, and Weyerhaeuser has not even attempted to show prejudice by that delay.

     At bottom, Weyerhaeuser's only real argument opposing the court's exercise of its discretion to grant leave to amend is futility, based on plaintiff's acknowledgement that they had an employment relationship with Weyerhaeuser during which they were exposed to asbestos. As the court has already ruled elsewhere, however, whether an independent claim against an employer may succeed with respect to an employee also (and presumably much more intensely) exposed at work will turn on facts not yet before the court. (*Prust,* No. 14-cv-143-wmc (dkt. #80) 7.)

Accordingly, the court will grant plaintiffs' respective motions for leave to amend their complaints and will allow them to proceed on claims against Weyerhaueser premised on community (non-workplace) exposure to asbestos.[1]

ORDER

IT IS ORDERED that:

1) Defendant Weyerhaeuser Company's motions for judgment on the pleadings ('459 dkt. #37; '899 dkt. #45) are GRANTED IN PART AND DENIED IN PART.  The motion is granted with respect to any claim based on workplace exposure, but denied in all other respects.

2) Plaintiffs Brian Heckel and Diane Jacobs' respective motions for leave to file second amended complaints ('459 dkt. #48; '899 dkt. #52) are GRANTED.

Entered this 2nd day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] The court's holding with respect to the scope of the nuisance claims asserted against Weyerhaeuser in yet another opinion and order released today applies with equal force to those claims asserted by Heckel and Jacobs.  (See, e.g., *Prust* No. 14-cv-143-wmc (dkt. #155).)